IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Young, | ) | C/A No. 0:18-1010-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | **AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| B.M. Antonelli, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a self-represented federal prisoner, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion to dismiss (ECF No. 13). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 14.) Petitioner filed a response in opposition (ECF No. 16), which he supplemented (ECF No. 18).

**ISSUE**

This case presents a myriad of issues involved in determining whether a favorable change in the law can afford a federal prisoner relief from his sentence years after the judgment is final. Because the court needs additional briefing on many of these issues, it recommends that the respondent's motion to dismiss be denied and that the issues be confronted on a more fully developed record.

**BACKGROUND**

In 2002, Young pled guilty to the charge of conspiracy to possess with intent to distribute five grams or more of crack cocaine. Young's criminal history included two prior felony drug offenses,

subjecting him to a statutory mandatory minimum of ten years with a maximum of life imprisonment. Young's sentencing guideline range was enhanced pursuant to U.S.S.G. § 2D1.1(a)(1) because the person to whom he sold the crack died.[1] This so-called "death enhancement" resulted in a sentencing guideline range of 360 months to life. In May of 2003, the court imposed a sentence of 360 months (30 years).

In 2014, the United States Supreme Court decided <u>Burrage v. United States</u>, 571 U.S. 204 (2014), and held that a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C)—the statutory corollary to U.S.S.G. § 2D1.1(a)(1)[2]—unless use of the drug distributed by the defendant was the but-for cause of the death or injury. <u>Burrage</u>, 571 U.S. at 218-19. Young now seeks relief under 28 U.S.C. § 2241, arguing that his sentence was calculated incorrectly in light of <u>Burrage</u>.

**DISCUSSION**

**A.     Habeas Corpus Relief for Federal Prisoners**

Generally, a federal prisoner may only seek collateral review of his sentence pursuant to 28 U.S.C. § 2255. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 344-45 (1974); <u>In re Jones</u>, 226 F.3d 328, 332-33 (4th Cir. 2010); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). To begin, 28 U.S.C. § 2255(a) provides four separate avenues for a federal prisoner to challenge his sentence. <u>See generally</u> <u>United States v. Foote</u>, 784 F.3d 931, 936 (4th Cir. 2015) (discussing § 2255(a)). The

---

[1] Although the applicable drug penalty statute demands a statutory mandatory life sentence where death or serious bodily injury results, the death was not charged in the indictment. <u>See</u> § 841(b)(1)(B); <u>United States v. Young</u>, Cr. No. 3:02-0216 (ECF No. 15). Consequently, only application of the guideline cross-reference, not the statutory death enhancement, is at issue here.

[2] Notably, <u>Burrage</u> did not address U.S.S.G. § 2D1.1(a)(1). <u>Cf.</u> <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017) (treating an advisory sentencing guideline differently than a similarly worded statute).

Supreme Court has held that if the alleged sentencing error is neither constitutional nor jurisdictional, a petitioner must show that the sentence contains "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (discussed in Foote, 784 F.3d at 936). Moreover, to pursue relief under this statute, a prisoner's petition must be timely under subsection (f). See § 2255(f) (providing various dates from which a one-year limitations period runs).

If a defendant has already exhausted his direct appeals and pursued relief under § 2255, a favorable change in the law might still result in additional review if he can meet other statutory requirements. One of these avenues is to file a second or successive § 2255 petition. The requirements to do so are found in § 2255(h), often referred to as the "gatekeeping provision." If those requirements cannot be met, a defendant may still seek additional review of his sentence through the so-called "savings clause" of § 2255, found at subsection (e).[3]

The United States Court of Appeals for the Fourth Circuit has recently refined the test courts should use to determine if a petitioner seeking to challenge his sentence can meet the savings clause of § 2255(e) and thus proceed via a petition under 28 U.S.C. § 2241 as Young seeks to do here. In United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), the court fashioned the following test:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4)

---

[3] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Page 3 of 11
PJG

due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

**B.     Motion to Dismiss Petition—Additional Issues**

The respondent moves to dismiss Young's Petition because he asserts that Young cannot meet at least two elements of the Wheeler test. At this time, the court is constrained to recommend denial of the motion to dismiss and order further briefing and development of the record in light of the changing legal landscape regarding numerous legal issues in this case.

First, the court cannot determine if the Petition is timely pursuant to 28 U.S.C. § 2241. Compare Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) (holding that there is no statute of limitations for federal prisoners filing habeas petitions under § 2241) (cited in Eames v. Jones, No. 5:09-HC-2141-BO, 2011 WL 915840, at *3 (E.D.N.C. Mar. 14, 2011)) with Hankerson v. Warden, 598 F. App'x 685, 688 (11th Cir. 2015) (*per curiam*) (providing the one-year statute of limitations in § 2244 applies to federal prisoners seeking relief pursuant to § 2241 through the savings clause of § 2255).

Second, the respondent bases its motion on the ground that Young cannot obtain relief because the United States Supreme Court has not expressed that the rule it announced in Burrage applies retroactively to cases on collateral review. (See Mot. to Dismiss at 5-6, ECF No. 12 at 5-6.)[4] However, the respondent's position appears to rely on a requirement found in § 2255, not § 2241, and also cites apparently outdated case law. Although § 2255(h) expressly requires a new rule of *constitutional law* "made retroactive to cases on collateral review *by the Supreme Court*, that was

---

[4] Notably, the respondent does not rest its argument with regard to retroactivity on the ground that Burrage addressed the statutory death enhancement rather than the guideline cross-reference at issue here. Cf. Perez-Colon v. O'Brien, No. 1:14CV119, 2016 WL 7168186, at *6 (N.D.W. Va. Dec. 8, 2016) ("[Burrage] does not apply here, where the district court applied a sentencing enhancement, not a finding under § 841(b)(1)(C).").

previously unavailable," that requirement pertains to second or successive motions under § 2255(h). See § 2255(h)(2) (emphasis added). The requirement for a petitioner to invoke the savings clause found in § 2255(e) and proceed under § 2241 is different. See Wheeler, 886 F.3d at 422 ("Section 2255(e) provides a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241."). As discussed above, construing § 2255(e) the Wheeler Court held that a petitioner must show, among other things, that subsequent to his direct appeal and first § 2255 motion, the settled substantive law at issue changed and was deemed to apply retroactively on collateral review. Wheeler, 886 F.3d at 429. In fact, it is Young's inability to satisfy § 2255(h)(2)'s requirement that enables him to seek relief under § 2241, if indeed he may otherwise do so. See id. (requiring as the third requirement to use § 2241 that the prisoner show that he cannot meet the gatekeeping provisions of § 2255(h)(2) for second or successive § 2255 motions).

Here, although the Fourth Circuit does not appear to have addressed the retroactivity of Burrage, several circuits have recognized that Burrage announced a change in the substantive law and have found it to apply retroactively on collateral review. See, e.g., Hancock v. United States, No. 16-6504, 2018 WL 1666119 (6th Cir. Jan. 5, 2018) (stating the government concedes "as it has in other cases" that Burrage announced a substantive rule that applies retroactively on collateral review), petition for cert. filed, (U.S. June 28, 2018) (No. 18-5001); Santillana v. Upton, 846 F.3d 779, 782-85 (5th Cir. 2017) (finding Burrage is a substantive change in the law that applies retroactively, and allowing a § 2241 petition to proceed); Kreiger v. United States, 842 F.3d 490 (7th Cir. 2016); Ragland v. United States, 784 F.3d 1213 (8th Cir. 2015). Because the respondent's argument on this point appears to have focused on the statutory language of § 2255(h)(2)'s gatekeeping provision rather than on the Fourth Circuit's savings clause test under Wheeler and does

PJG

not address the circuit court cases finding Burrage to apply retroactively, further briefing of this issue is necessary.

Third, the respondent also contends in its motion that Young cannot meet the fourth Wheeler element in that he cannot show a sentencing error that is sufficiently grave so as to be deemed a fundamental defect. Wheeler, 886 F.3d at 429; (Mot. to Dismiss at 7-8, ECF No. 12 at 7-8.) Here, the problem stems from a conflation of the substantive standard in subsection (a) of § 2255, which is required to obtain relief from the sentence, with the fourth Wheeler prong required to invoke the savings clause in subsection (e).

The respondent correctly asserts that, generally, a misapplication of the sentencing guidelines does not amount to a miscarriage of justice constituting a fundamental defect. However, this principle appears to have been applied by courts considering such errors under § 2255(a) and finding that the alleged misapplication of the guidelines in those cases did not meet the standard articulated in Davis, 417 U.S. 333. See, e.g., United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) (considering a § 2255 petition challenging a sentencing enhancement under mandatory, pre-Booker guidelines and holding that misapplication of the guidelines typically does not constitute a miscarriage of justice); see also Foote, 784 F.3d 931 (considering a § 2255 petition challenging a career offender enhancement imposed under advisory sentencing guidelines). It is not clear whether the "fundamental defect" required by Wheeler to pass through the savings clause portal is coextensive with the "fundamental defect which inherently results in a complete miscarriage of justice" required by Davis to obtain the writ itself. In any event, Wheeler, a binding precedent issued by the Fourth Circuit only months ago, suggests that the sentencing issue presented here may be the type of fundamental defect sufficient at least to open the savings clause portal. Wheeler, 886 F.3d at 432 n.9; see also Wheeler Order Denying Petition for Rehearing *en banc*, 2018 WL 2947929, at

PJG

*2 (4th Cir. June 11, 2018)) (Thacker, J.) (noting that Wheeler was "sentenced under the mistaken understanding that ten years was as low as the sentencing court could go. Indeed, that was precisely the sentence he received."); but see id., at *1 (Agee, J.) (observing that the Wheeler test is far more expansive than any savings-clause test used by other circuits and rewrites the Antiterrorism and Effective Death Penalty Act of 1996).

Moreover, the respondent's motion does not address the fact that Young's sentencing enhancement was imposed in 2003 when the sentencing guidelines were mandatory as opposed to advisory. Compare Mikalajunas, 186 F.3d at 496 (considering a § 2255 petition challenging a sentencing enhancement under mandatory, pre-Booker guidelines and holding that misapplication of the guidelines typically does not constitute a miscarriage of justice) with Wheeler, 886 F.3d at 430, 432 n.9 (stating that "[a]n increase in the congressionally mandated sentencing floor implicates separation of powers principles and due process rights fundamental to our justice system" and distinguishing Foote because Foote involved a sentence imposed under advisory, not mandatory sentencing guidelines) and Foote, 784 F.3d at 938 (discussing Seventh Circuit cases that distinguished pre-Booker and post-Booker sentences and observed that pre-Booker, "the guidelines were the practical equivalent of a statute") (citations omitted). The Supreme Court has expressly not addressed this distinction. See, e.g., Beckles, 137 S. Ct. at 892-94 & n.4 (holding that the rule in Johnson v. United States, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act as unconstitutionally vague, did not apply to a similar clause in the U.S. Sentencing Guidelines because *advisory* guidelines are not subject to constitutional vagueness challenges, but expressly declining to decide whether the same enhancement applied under *mandatory* guidelines would be amenable to a vagueness challenge). In light of Beckles, the Fourth Circuit has rejected relief under § 2255 to a career offender even where the sentencing enhancement

was imposed under mandatory guidelines. See United States v. Brown, 868 F.3d 297 (4th Cir. 2017) (affirming the dismissal of a petition as untimely under 28 U.S.C. § 2255(f)(3) because the Supreme Court expressly did not decide in Beckles whether a career offender enhancement under mandatory sentencing guidelines was invalid under the reasoning of Johnson). However, it did so in the context of analyzing the *timeliness* of a § 2255 motion challenging the *career offender enhancement* as unconstitutionally vague, which bears some arguable distinctions from the situation here where Young seeks relief under § 2241 based on a newly established causation requirement that may show he is actually innocent of the death enhancement[5] at issue here. See, e.g., Foote, 784 F.3d at 940 (observing that in the rare case in which the Supreme Court has found post-conviction "miscarriages of justice" to have occurred, it has relied on the actual innocence of the petitioner). Finally, the respondent's argument as to the fourth Wheeler prong rests largely on his contention that as long as the sentence imposed with the allegedly improper guidelines enhancement remains within the statutory range, no fundamental defect is present, but he fails to address Wheeler's stout rejection

---

[5] Notably, the Foote Court observed that the Supreme Court has yet to permit actual-innocence attacks on a sentence enhancement outside of the capital sentencing context. Foote, 784 F.3d at 941; but see Wheeler, 886 F.3d at 430-34 (discussing whether the § 2241 petitioner had shown a fundamental defect so as to invoke the savings clause of § 2255(e) and concluding that "[a]n increase in the congressionally mandated sentencing floor implicates separation of powers principles and due process rights fundamental to our justice system") (citing with approval Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), which permitted, through the savings clause, a habeas petition alleging an erroneously imposed career offender enhancement that increased the petitioner's mandatory guideline range even though his sentence remained under the statutory maximum).

PJG

of that argument.[6]  (See Mot. to Dismiss at 7-8, ECF No. 12 at 7-8); but see Wheeler, 886 F.3d at 433 ("We agree with our sister circuits' view . . . that a sentencing error need not result in a sentence that exceeds the statutory limits in order to be a fundamental defect.").

Moreover, on the instant motion to dismiss, the court does not have the benefit of the full record underpinning Young's sentence.  For example, not all relevant portions of the Pre-Sentence Investigation Report are available on the docket in Young's criminal case and there is no transcript from the sentencing hearing.  Accordingly, the court cannot conduct a full analysis of whether the Burrage issue presented by Young produced an error sufficiently grave to constitute a fundamental defect.  See, e.g., Burrage, 571 U.S. at 218-19 (holding that the absence of evidence of but-for causation precludes liability where use of the drug *distributed by the defendant* is not an independently sufficient cause of the victim's death or serious bodily injury).

---

[6] The respondent relies heavily on the Fourth Circuit's decision in Foote, 784 F.3d 931, which noted that only sentencing errors that present a fundamental defect which inherently results in a complete miscarriage of justice are cognizable on collateral review.  Id. at 933 (addressing a § 2255 challenge to an advisory guidelines career offender designation) (citing Davis, 417 U.S. 333). However, Foote was distinguished by the Wheeler Court because Foote did not involve a mandatory guidelines enhancement.  See Wheeler, 886 F.3d at 432 n.9; Foote, 784 F.3d at 932.  Moreover, the Foote Court was addressing the merits of a § 2255 petition, not determining the procedural question of whether the savings clause applied.  As intimated above, to conflate the two standards is to respond to the procedural question with an answer as to the merits of the petition.  If the Wheeler Court intended the fourth prong of the savings clause test to incorporate the analysis of the actual merits of the petition, then that is far from clear, and further briefing from counsel is needed.  See Wheeler, 886 F.3d at 434 (remanding to the district court to either determine the merits of the petition or transfer it to the district where Wheeler was then confined).

For the foregoing reasons, the court cannot determine whether the jurisdictional savings clause requirements of § 2255(e) are met here.  Cf. Wheeler, 886 F.3d at 434.  Therefore, it is hereby

**ORDERED** that the Federal Public Defender is appointed to represent Young for the remainder of this case or until further order of the court.

Further, the court **RECOMMENDS** that the respondent's motion to dismiss be denied without prejudice to renew its arguments on a more fully developed record with appropriate motions and/or memoranda addressing the issues identified above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).