IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| William Young, | Civil Action No. 0:18-1010-CMC |
|---|---|
| Petitioner, | |
| vs. | **OPINION AND ORDER** |
| B.M. Antonelli, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241, arguing a change in law renders his sentence, as enhanced due to the "death results" sentencing guideline, infirm. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

On June 20, 2018, Respondent filed a return and a motion to dismiss, arguing the Petition presents a claim not cognizable on collateral review and is based on a clarifying amendment to the Sentencing Guidelines not made retroactive. ECF Nos. 12, 13. Petitioner filed a response in opposition on July 2, 2018, and a supplement on July 16, 2018. ECF Nos. 16, 18. The court thereafter adopted a Report of the Magistrate Judge, appointed the Federal Public Defender to represent Petitioner for the remainder of his case, denied Respondent's motion to dismiss without prejudice, and ordered further briefing to address the issues raised in the Report, including application of *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), timeliness under § 2241, retroactivity of *Burrage v. United States*, 571 U.S. 204 (2014), application of the mandatory

guidelines, development of the record, and any other arguments the parties wished the court to consider. ECF Nos. 19 (Report), 25 (Order).

Respondent filed a second motion to dismiss on November 9, 2018. ECF No. 33. Petitioner filed a response in opposition (ECF No. 37), and Respondent filed a Reply (ECF No. 42). The Magistrate Judge filed a Report on January 23, 2019, recommending the Petition be dismissed for lack of jurisdiction or, in the alternative, that summary judgment for Respondent be granted based on waiver. ECF No. 45. Petitioner thereafter filed a motion to stay these proceedings pending the filing and resolution of a motion pursuant to the First Step Act. ECF No. 49. The court granted the stay. ECF No. 50. On May 9, 2019, the court lifted the stay after resolution of the First Step Act motion, and gave Petitioner until May 24 to file objections to the Report filed January 23. ECF No. 51. Petitioner filed objections on May 24, 2019 (ECF No. 53), and Respondent filed a reply (after an extension) on June 21, 2019 (ECF No. 56).

1. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## 2. **Discussion**

The Report recommends dismissal because Petitioner is unable to meet the test required to bring his claim under the savings clause of § 2255(e), as the "death enhancement" applied to his case pursuant to Sentencing Guidelines and not by statute. ECF No. 45 at 3. In the alternative, the Magistrate Judge recommends the Petition be denied because Petitioner waived his argument that the Government must prove the drug he distributed was the but-for cause of decedent's death. *Id.* at 5.

Petitioner objected to the Report, arguing *Burrage v. United States*, 571 U.S. 204 (2014) should not only apply to the statutory death enhancement, but also the enhancement in the Sentencing Guidelines, and that the Petition meets all requirements of the savings clause. ECF No. 53 at 1-6. Petitioner also argues he did not waive his claim under *Burrage*, but waived a similar claim, and that he could not have waived a *Burrage* claim because it did not exist at the time of sentencing. *Id.* at 8-9. Finally, he argues "valid waivers can be excused by intervening developments in the law." *Id.* at 9.

Respondent argues the Report correctly found Petitioner cannot show a change in settled substantial law because *Burrage* does not apply to the Sentencing Guidelines. ECF No. 56 at 1-2. It also argues Petitioner waived his claim and such waiver should not be excused. *Id.* at 3-7.

3

a. <u>Savings Clause and *Burrage*</u>

Under Fourth Circuit law, a prisoner may challenge his sentence through a § 2241 petition if:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The court agrees with the Magistrate Judge Petitioner cannot meet the second requirement of *Wheeler*: that a change in settled substantive law applied to him and was deemed to apply retroactively on collateral review.

Petitioner contends *Burrage* changed the settled law applicable to his case. However, Petitioner's sentence was enhanced based on the "death enhancement" in Section 2D1.1(a)(1) of the Sentencing Guidelines, not the statutory death enhancement in 21 U.S.C § 841, as discussed in *Burrage*. Therefore, the court agrees with the Report that invocation of *Burrage* is premature because *Burrage* has not been held to apply to the Sentencing Guidelines. Therefore, Petitioner cannot meet the savings clause of § 2255(e) because the change in substantive law has no impact.

Petitioner argues the cases cited in support of this finding by the Report were decided before the Fourth Circuit's opinion in *Wheeler*, and thus are inapposite to this case. The court in *Perez-Colon v. O'Brien*, C.A. No. 1:14-cv-119, 2016 WL 7168186, at *6 (N.D. W.Va. Dec. 8, 2016), found *Burrage* "does not apply here, where the district court applied a sentencing enhancement, not a finding under § 841(b)(1)(C)." In *Powell v. United States*, C.A. No.

4

3:09CV2141, 2014 WL 5092762, at *2 (D. Conn. Oct. 10, 2014), the court held "[u]nlike the sentence enhancement statute at issue in *Burrage*, the murder cross-reference guideline[1] at issue here is a sentencing factor which may be found by a sentencing judge by a preponderance of the evidence." However, as Respondent noted, *Perez-Colon* was appealed, and the Fourth Circuit dismissed the § 2241 petition because that defendant "failed to satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e) (2012)." *Perez-Colon v. O'Brien*, 747 F. App'x 167 (4th Cir. Jan 8. 2019). The court finds these cases, especially *Perez-Colon*, instructive in determining *Burrage* has not been held to apply to the Guidelines, and therefore that Petitioner cannot meet the savings clause of §2255(e).

Petitioner also argues the Sentencing Guidelines were mandatory at the time Petitioner was sentenced, and therefore were more akin to a statute than the advisory guidelines applied today. The Supreme Court has made clear sentencing statutes are treated differently and subject to different requirements than guideline enhancements. *Compare Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015) (holding residual clause of the Armed Career Criminal Act ("ACCA") void for vagueness), *with Beckles v. United States*, 580 U.S. __, 137 S. Ct. 886 (2017) (holding residual clause of career offender guideline not subject to vagueness challenge). Thus, although the two enhancements of the ACCA and career offender guideline operate similarly in regard to sentencing, they are not subject to the same facial challenge as a whole. The same is true in this

---

[1] The murder cross-reference is not the specific guideline at issue in this case. However, these cases do support the conclusion that the Sentencing Guidelines are treated differently from the "death results" statute.

5

case: *Burrage* dealt with the statutory death enhancement only, and has not been held to apply to the guideline enhancement. Further, as noted in the Report, the question whether a sentence imposed under a mandatory guideline scheme is akin to one imposed pursuant to a statute is considered expressly left open if not resolved. *See Beckles*, 137 S. Ct. at 904 n.4 (J. Kennedy, concurring); *United States v. Thilo Brown*, 868 F. 3d 297, 302 (4th Cir. 2017).

For the reasons above, the court agrees with the Magistrate Judge Petitioner is unable to satisfy the *Wheeler* test and is therefore unable to bring his challenge under § 2241. As the court is without jurisdiction to hear Petitioner's claims, the Petition is dismissed without prejudice.

### 3. **Conclusion**

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge as to jurisdiction. Accordingly, the court adopts and incorporates the portion of the Report regarding *Wheeler* and this court's jurisdiction to hear Petitioner's claim by reference in this Order, and Respondent's motion to dismiss is granted for lack of jurisdiction.[2]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina

---

[2] The court declines to adopt the Report as to waiver. The court does not reach a conclusion on this issue, as it does not have jurisdiction to consider the merits of Petitioner's claim. However, the court agrees with Petitioner that what he waived was not a *Burrage* type "but-for" causation claim, but instead a claim the Government had to charge the "death results from" language in the indictment in order to apply the enhancement under U.S.S.G. § 2D1.1(a). *See* ECF No. 53 at 8.

July 16, 2019

7