# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| William Young, | ) | Civil No. 0:18-1010-CMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER for IMMEDIATE RELEASE** |
| | ) | |
| B.M. Antonelli, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On January 6, 2021, the court held a telephone conference with the parties to discuss the status of this matter after the Fourth Circuit Court of Appeals' decision in *Young v. Antonelli*, __ F.3d __, 2020 WL 7251007 (4th Cir. Dec. 10, 2020). Respondent B.M. Antonelli is represented by Robert F. Daley and William K. Witherspoon of the U.S. Attorney's Office. Petitioner William Young is represented by Assistant Federal Public Defender Emily Deck Harrill.

Petitioner filed an appeal to the Fourth Circuit Court of Appeals based upon this court's dismissal of this § 2241 petition due to lack of jurisdiction. *Young*, 2020 WL 7251007 at *2. In its decision, the Fourth Circuit vacated this court's order and remanded for further proceedings consistent with its decision. *Id*. at *4.

Young thereafter filed two unopposed motions in the appeals court: a motion for a forthwith issuance of the mandate and a motion for immediate release. On December 31, 2020, the Court of Appeals granted Young's motion for immediate issuance of the mandate but denied the motion for release. *See* Order, *Young v. Antonelli*, No. 19-7176 (4th Cir. Dec. 22, 2020), ECF No. 49.

The parties agree that based upon the Fourth Circuit's decision and because Respondent

1

will not seek to assert waiver, Young is entitled to relief via this § 2241 petition. Additionally, Respondent does not oppose Young's request for release from the BOP at this time. The court will therefore move expeditiously to enter judgment in favor of Young in this case, to vacate the Judgment in a Criminal Case filed in Young's criminal case (D.S.C. Cr. No. 3:02-216-01-CMC), and to set Young's criminal case for resentencing.

This court has the inherent authority to grant release on bond to a habeas petitioner who, like Young, warrants immediate relief and release. *See Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2000) (so holding); *see also Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986); *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969) (holding that on a claim of illegal detention, "the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief pendente lite, to grant bail or release, pending determination of the merits"); *United States v. Eliely*, 276 F. App'x 270, 270 (4th Cir. 2008) (referencing the standard for release on bail of a prisoner pending a collateral attack on the conviction).

Accordingly, **IT IS ORDERED** that Young's request for immediate release on personal recognizance is hereby **granted**. Young shall be released from the Federal Bureau of Prisons (BOP) forthwith.

**IT IS FURTHER ORDERED** that in light of a Covid-19 outbreak at FCI Williamsburg where Young is currently housed, Young shall reside and quarantine with his aunt, Deloris White, in Columbia, South Carolina, for a period of fourteen (14) days after his release from the BOP and arrival in Columbia. This court directs Young's counsel to notify Young of this condition, to provide Ms. White with a copy of this Order, and to provide Ms. White's address and telephone number to the Pretrial Services Office of this District.

At the conclusion of that fourteen-day period, so long as Young remains symptom free of

the Covid-19 disease, Young shall appear with counsel before a United States Magistrate Judge of this District for the purpose of formally addressing bond conditions pending Young's resentencing.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
January 7, 2021