IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| William Young,<br><br>    Petitioner,<br>vs.<br><br>B.M. Antonelli,<br>    Respondent. | Civil Action No. 0:18-1010-CMC<br><br>**ORDER** |

  This matter is before the court on Petitioner's application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241, arguing a change in law renders his sentence, as enhanced pursuant to the "death results" sentencing guideline, U.S.S.G. § 2D1.1(a)(1), infirm. ECF No. 1. Specifically, he argued *Burrage v. United States*, 571 U.S. 204 (2014), interpreting the "death results" statutory provision at 18 U.S.C. § 841, also applies to § 2D1.1(a)(1). Respondent opposed, arguing Petitioner waived his challenge to the application of the enhancement, and that Petitioner could not satisfy the test in *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018), to qualify under the savings clause of 28 U.S.C. § 2255(e). ECF No. 33-1. The matter was referred to Magistrate Judge Gossett, who entered a Report and Recommendation recommending the matter be dismissed for lack of jurisdiction. ECF No. 45.[1]

  This court adopted the Report in part and dismissed Petitioner's application for lack of jurisdiction, concluding *Burrage* had not been held to apply to the Guidelines and Petitioner's

---

[1] The Report also recommended finding Petitioner waived his *Burrage*-based argument. *Id.*

attempt to utilize *Burrage* was premature. ECF No. 59.[2] Petitioner appealed to the Fourth Circuit. ECF No. 61. After oral argument, the Fourth Circuit determined that although neither it nor the Supreme Court had applied *Burrage* to the Guidelines at the time this court considered the issue, *Burrage* does apply to the "death results" provision in § 2D1.1(a)(1). ECF No. 70. Therefore, although this court was correct when it found no jurisdiction at the time it considered the application, *Burrage* now applies to Petitioner's claim. Accordingly, the appellate court remanded for further proceedings. ECF No. 70.

After the mandate issued, the court held a teleconference with counsel. ECF No. 73. The Government informed the court it would not pursue the waiver argument, and agreed Petitioner is entitled to relief given the Fourth Circuit's decision. *See Young v. Antonelli*, __ F.3d __, 2020 WL 7251007 (4th Cir. Dec. 10, 2020).

Accordingly, as the Fourth Circuit has determined *Burrage* applies to the "death results" guideline, and the Government agrees Petitioner is entitled to relief, the court hereby grants the §2241 application, vacates Petitioner's sentence, and sets resentencing for 2:30pm on April 27, 2021. The United States Probation Office is directed to prepare and file an Amended Presentence Report in advance of resentencing. The Federal Public Defender is reappointed to represent Petitioner at resentencing.

---

[2] The court declined to adopt the Report as to waiver, finding it need not reach a conclusion on the issue due to lack of jurisdiction but noting it appeared Petitioner had not waived this claim. *Id.* at 6.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 8, 2021

3